**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     Plaintiff,<br><br>v.<br><br>NELSON MALDONADO RODRIGUEZ,<br>     Defendant. | CRIMINAL NO. 97-137 (DRD) |

**SENTENCING MEMORANDUM ON REVOCATION**

HON. DANIEL R. DOMINGUEZ
UNITED STATES DISTRICT JUDGE
FOR THE DISTRICT OF PUERTO RICO

**COMES NOW** defendant, Nelson Maldonado Rodriguez, through undersigned counsel, whom respectfully submits the following memorandum for the court's consideration at sentencing on his revocation proceedings:

Defendant should be sentenced on revocation under a Grade B violation as per §7B1.1(a):

> §7B1.1. Classification of Violations (Policy Statement)
> (a) There are three grades of probation and supervised release violations:
> (1) Grade A Violations -- conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years;
> (2) Grade B Violations -- conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year;
> (3) Grade C Violation – ...

Under 26 U.S.C. §5845 a **firearm** is defined as:

> § 5845. Definitions
> (a) Firearm The term "firearm" means
> (1) a shotgun having a barrel or barrels of less than 18 inches in length;
> (2) a weapon made from a shotgun if such weapon as modified has an overall length of less

>than 26 inches or a barrel or barrels of less than 18 inches in length;
>(3) a rifle having a barrel or barrels of less than 16 inches in length;
>(4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length;
>(5) any other weapon, as defined in subsection (e);
>(6) a machinegun;
>(7) any silencer (as defined in section 921 of title 18, United States Code); and
>(8) a destructive device. The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

and a **destructive device** is defined as:

>(f) Destructive device The term "destructive device" means
>(1) any explosive, incendiary, or poison gas
>(A) bomb,
>(B) grenade,
>(C) rocket having a propellent charge of more than four ounces,
>(D) missile having an explosive or incendiary charge of more than one-quarter ounce,
>(E) mine, or
>(F) similar device;
>(2) any type of weapon by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, the barrel or barrels of which have a bore of more than one-half inch in diameter, except a shotgun or shotgun shell which the Secretary finds is generally recognized as particularly suitable for sporting purposes; and
>(3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 4684 (2), 4685, or 4686 of title 10 of the United States Code; or any other device which the Secretary finds is not likely to be used as a weapon, or is an antique or is a rifle which the owner intends to use solely for sporting purposes.

Finally, under 18 U.S.C. §924(a)(2), the maximum term of imprisonment is 10 years:

>18 U.S.C. § 924
>(a)(2) Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.

Defendant was charged in Count 1 with a violation of 18 USC §922(g) and §924(a)(2) only.

**CONCLUSION:**

Based on the above, defendant committed a Grade B violation with a CHC of 1, for a sentencing range of 4 to 10 month. He does not qualify for a Grade A violation as he did not commit a crime of violence, a controlled substance offense nor involved a firearm or destructive device as defined by law. Finally, the maximum sentence for his predicate offense has a maximum term of imprisonment of less than twenty (20) years. Defendant respectfully request that he be sentenced to the lower end of the guideline range.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 25th, 2005 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant U.S. Attorney Antonio Bazan.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 25h day of April of 2005.

**Joseph C. Laws, Jr.**
**Federal Public Defender**

S/Victor González-Bothwell
Victor J. Gonzalez Bothwell
Assistant Federal Public Defender
USDC-PR 219707
241 F. D. Roosevelt Avenue
San Juan, PR   00918
Tel. (787) 281-4922
Fax   (787) 281-4899